**Frederick C. BERSWORTH and The Dow Chemical Company, Plaintiffs,**

v.

**Robert C. WATSON, Commissioner of Patents, Defendant.**

**Civ. A. 1637–54.**

United States District Court
District of Columbia.

June 7, 1956.

Ellsworth H. Mosher, Washington, D. C., Thomas B. Graham, Darby & Darby, New York City, for plaintiffs.

E. L. Reynolds, C. W. Moore, Solicitors, Joseph Schimmel, U. S. Patent Office, Washington, D. C., for defendant.

WILKIN, District Judge.

This action was brought under the provisions of Section 145 of Title 35 United States Code. The plaintiffs seek a judgment authorizing the defendant, Commissioner of Patents, to grant plaintiffs letters patent upon certain claims of plaintiffs' application, Serial No. 215,380, filed March 13, 1951, entitled "Hydroxy Derivatives of Alkylene Polyamines." The complaint states that the claims are numbered 1 through 4, but since plaintiffs entered a voluntary dismissal, without prejudice, of claims 1 and 3, only claims 2 and 4 are before the court.

The specification of the application indicates that the subject matter relates to hydroxy derivatives of alkylene polyamines, a group or class of organic compounds having wide utility in the chemical arts, and particularly as sequestering agents (chelating agents) in aqueous solutions for the metal ions invariably present therein. It is not necessary to evaluate the details of the chemistry of the compounds covered by the claim, because the Patent Office has conceded that the claim defines a patentable invention.

The fundamental issue in the case is:

Does applicant's United States Patent 2,524,218 issued October 3, 1950 on an application filed March 28, 1946, include

disclosure of subject matter of the claim before the Court sufficient to support continuity of that subject matter before the Patent Office?

The trial proceeded on the single issue of whether the applicant had sufficiently disclosed his subject matter in the parent Patent 2,524,218 to support continuity of subject matter in the application now before the Court. The Patent Office tribunals held that the application resulting in Patent No. 2,524,218 did not have a disclosure adequate to support the present claims.

■ The doctrine of continuity holds that a second application should be considered a continuation of a first application and entitled to the benefit of the filing date of the first application, where a patent is still sought for the substance of the invention as originally claimed. In order that the doctrine be applicable, it is necessary that the description in both applications be sufficient to support the claims. Godfrey v. Eames, 1 Wall. 317, 68 U.S. 317, 17 L.Ed. 684; Duryea v. Rice, 28 App.D.C. 423.

It seemed to be conceded by the parties that plaintiffs' case would stand or fall on the question whether the prior application contained a disclosure sufficient to support claims 2 and 4 of the application before the Court.

The disclosure of Patent 2,524,218 is in a concentrated form which, plaintiffs assert, sets forth specifically the formula for the elected claim of the application before the Court. Column 1, lines 25–46, in the language of the chemist, and in the form required by the Patent Office, gives the detailed information defining the metes and bounds of that disclosure. The defendant conceded that if the claims at issue were directed to the general formulation, the doctrine of continuity would permit plaintiffs to rely upon the earlier patent for their date of invention, but defendant contended that the claims at issue here are not a general formulation, but instead are specific to two distinct compounds, and that such compounds were not disclosed in the earlier application.

Plaintiffs, on the other hand, contend that the claim before the Court was directly divided out of claim 1 of the earlier application. They admit that the formula presented disclosure of possibly a limitless number of other compounds, but they insist that that fact does not prevent the plaintiffs' contention that the applicant had a clear conception of the invention claimed here. They insist that the original formula embraced the specific concept presented in this case.

The statutory requirement is that the disclosure be cast "in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains * * * to make and use the same." 35 U.S.C. § 112. It was conceded that the test would be what the disclosure meant to "any person skilled in the art." The plaintiffs, therefore, called expert witnesses and members of a class of advanced students of chemistry to support their contention that the specific directions given in the chemical formula, and the explanatory language used to define the various symbols set out in the general formula, would lead the expert to the specific compounds defined in the claims at issue. The experts who testified and the members of the chemistry class, who had been given the problem as a class exercise, all stated that the specific compounds of the claims at issue were derivable from the general formula.

■ The evidence before this Court was clear and convincing that the symbols, when interpreted in the light of the specifications, did lead those experienced in this field of chemistry and advanced students of such chemistry to the embodiment claimed by the plaintiffs. The testimony of the experts was clear and convincing that the language of the original application, including the chemical symbols, did lead directly to the composition for which the plaintiffs seek a patent monopoly.

The defendant offered no testimony, but relied upon the material contained in the file wrapper and the opinions of the Examiner and Board of Appeals.

**14**

The Court is constrained to find in favor of the plaintiffs because the evidence sustains the plaintiffs' contention.

Findings, conclusions, and order may be prepared and submitted by counsel for plaintiff.